IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FARMERS INSURANCE COMPANY
OF ARIZONA,

    Plaintiff,

vs.                                             Case No. 1:17-cv-00703 WJ/JHR

PETER KOMIS and DORINDA KOMIS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
STAYING CASE PENDING RESOLUTION OF STATE COURT LAWSUIT**

THIS MATTER comes before the Court upon a Motion to Stay Proceedings, filed on October 27, 2017 by Defendants Peter Komis and Dorinda Komis **(Doc. 9)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is granted.

**BACKGROUND**

This is an insurance coverage dispute. In September 2014, Peter Komis was assaulted and shot in his driveway by three unidentified assailants. Defendants allege that three unknown men followed Peter Komis home in a car. The assailants parked their car on the street, and approached Mr. Komis in his driveway. The assailants struck Mr. Komis in the head and knocked him to the ground. They attempted to enter his home, but Ms. Komis called the police from the inside. As they left, one of the attackers shot Mr. Komis in the back and buttocks while he was on the ground. The identity of the assailants is unknown.

Defendants contend that they are entitled to recovery from their own UM/UIM policy with Farmers Insurance Corporation of Arizona ("FICA"), on the basis that the assailants' car

was a crucial, active accessory to the attack. Defendants seek compensation from FICA for past and future medical expenses, physical pain and suffering, emotional distress, lost household services, loss of consortium, and loss of enjoyment of life.

Defendants submitted a demand letter to Plaintiff on April 17, 2017. On July 3, 2017, Plaintiff responded to Defendants' demand letter, rejecting a settlement offer and stating that they would file a complaint for declaratory relief. Two days later, Plaintiff filed this declaratory action pursuant to 28 USC § 2201. FICA seeks a declaration that there is no uninsured motorist coverage over these claims.

The state action was filed in the First Judicial District, County of Santa Fe on September 29, 2017, after this declaratory action was filed. As plaintiffs in that action, Peter and Dorinda Komis seek determination on the same issues as in this declaratory action. *See Peter B. Komis and Dorinda Hopper-Komis v. Farmers Insurance Company of Arizona*, First Judicial District, No. D-101-CV-2017-02777. According to counsel, the parties and issues in the state action and in this federal proceeding are identical.

## DISCUSSION

Defendants filed this motion seeking to stay this federal declaratory action. Defendants argue that the underlying dispute solely involves state law and should be decided by the New Mexico state courts. Plaintiffs argue that this case only involves *settled* state law, that there is no exceptional circumstance requiring this Court to abstain, and that the Court should follow the first-to-file rule.

**I.     Relevant Law**

The Declaratory Judgment Act vests federal courts with power and competence to issue a declaration of rights. 28 U.S.C. § 2201. While this statute vests the federal courts with power

and competence to issue a declaration of rights, *see Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam), the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts. *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

The discretionary standard under *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942) governs a district court's decision to stay a declaratory judgment during the pendency of parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).[1] District courts are "under no compulsion to exercise . . . jurisdiction" under the Declaratory Judgment Act, as "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942). This Court must consider whether the questions in controversy between the parties to this federal lawsuit "can better be settled in the proceeding pending in the state court." *Id.*; *see also Wilton v. Seven Falls Co*., 515 U.S. 277, 283 (1995).

In deciding whether or not to hear a declaratory judgment action, a court considers various factors, including:

(1) whether a declaratory action would settle the controversy;
(2) whether it would serve a useful purpose in clarifying the legal relations at issue;
(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";
(4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
(5) whether there is an alternative remedy which is better or more effective.

(the "*Mhoon* factors"); *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)).

---

[1] Neither party used this standard in their arguments.

Plaintiff does not appear to argue that a determination in state court would be inadequate or incomplete, or that it would be better to decide the issue in federal court. Rather, Plaintiff primarily argues that this federal declaratory action should take precedence because it was filed before the state court case. However, this is not an important consideration (or even a factor) in the relevant binding authority. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (district court acted within its discretion in staying federal declaratory action where federal action was filed before state court action); *see also St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (same). In fact, *Wilton* and *Brillhart* suggests that the state court proceeding should take precedence in certain circumstances even where it was filed after the federal declaratory action. *Brillhart*, 316 U.S. at 495, *quoted in Wilton*, 515 U.S. at 283.

**II.     First-to-file Rule and "Exceptional Circumstances" Standard are Not Applicable**.

Plaintiff also argues that the "first-to-file" rule *mandates* that this federal proceeding take precedence over the later-filed state action. Generally, the first-to-file rule provides that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir. 1982). However, the first-to-file rule applies when two **federal** district courts have jurisdiction over the same controversy. *Lipari v. U.S. Bancorp NA,* 345 Fed.Appx. 315, 317 (10th Cir. 2009), *quoted in Biotronik, Inc. v. Lamorak Ins. Co.*, 2015 WL 3522362, at *8 (D.N.M. 2015) (Johnson, J.) (applied first-to-file rule where both courts were federal district courts issues involved whether a case should be transferred under § 1404(a) and venue issues); *see also Employers Ins. of Wausau v. Fox Entm't Grp., Inc*., 522 F.3d 271, 274 (2d Cir. 2008) (first to file

rule applies between two federal district courts). This rule does not apply when one proceeding is pending in federal district court and another in state court.

Plaintiff acknowledges that the decision to stay is discretionary, but also argued that the "exceptional circumstances" standard under *Colorado River Water Conservation District v. U.S.,* 424 U.S. 800, 818 (1976) applies, which is incorrect. The exceptional circumstances test has been specifically rejected by the United States Supreme Court for determining whether to stay a federal declaratory action on state law issues when there are pending parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (standard governing district court's decision to stay a federal declaratory action is the discretionary *Brillhart* standard, not the exceptional circumstances standard); *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002) (*Brillhart* standard applies when determining whether to abstain from action for declaratory relief).

## III.   Analysis of *Mhoon* Factors

Defendants argue that the *Mhoon* factors are inapplicable, but nevertheless assert that those factors weigh in favor of staying this action. Plaintiff cited the *Mhoon* factors, but did not apply them. The United States Court of Appeals for the Tenth Circuit requires this Court to apply these factors when deciding whether to abstain from hearing a declaratory action on state law issues. *See State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994); *Runyon*, 53 F.3d at 1169.

   A.   First and Second *Mhoon* Factors.

The first two factors are (1) whether a declaratory action would settle the controversy; and (2) whether it would serve a useful purpose in clarifying the legal relations at issue.

Here, it appears that either this declaratory action or the state proceeding would settle the entire controversy. The necessary parties are present in both this federal action and in the state action. Based on the representations of the parties, the coverage issue presented in this declaratory action is also the sole issue in state court.

However, this federal declaratory action would not serve any useful purpose, as all issues can be decided in state court. The relevant inquiry here is "whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495); *St. Paul Fire and Marine Insurance Co. v. Runyon,* 53 F.3d 1167, 1169 (10th Cir. 1995). Here, it is undisputed that the two pending proceedings involve the same issue and parties. This factor favors abstention. *See, e.g. Century Surety Company v. Roybal*, 2012 WL 13005437 at *2-3 (D.N.M. 2012); *Brillhart*, 316 U.S. at 495; *Wilton,* 515 U.S. at 290 (court "acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."); *Runyon*, 53 F.3d at 1169 (where parties and issues identical, it is not necessary for the federal court to issue a declaration on the insurance contract).

B.  Third *Mhoon* Factor: Procedural Fencing

The third factor concerns whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to "provide an arena for a race to res judicata."

Defendants argue that Plaintiff is guilty of "procedural fencing." Plaintiff responded to Defendants' demand letter on July 3, 2017, almost three months after the demand letter was sent. In the response, Plaintiff rejected Defendants' settlement offer and stated that they would file a declaratory action to settle the coverage dispute. Two days later, Plaintiff filed this declaratory action. Plaintiff clearly raced to file first. This factor weighs slightly against Plaintiff.

C. Fourth and Fifth *Mhoon* Factors

The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective.

The fourth *Mhoon* factor weighs heavily against invoking jurisdiction. New Mexico state law governs the interpretation of the insurance contract issue in this case. *See Britt v. Phoenix Indemnity Insurance Co.*, 907 P.2d 994 (N.M. 1995). There are no federal issues involved in this case. Proceeding with this declaratory action where there is a state court proceeding involving the same parties and same issues would be "vexatious" and constitute "gratuitous interference." *Brillhart*, 316 U.S. at 495, cited in *Wilton*, 515 U.S. at 283. *Century Sur. Co. v. Roybal*, 2012 WL 13005437, at *4 (D.N.M. 2012) ("A state court's determination of insurance coverage is typically preferable to the Federal Court's determination, particularly when there are no issues of federal law presented."), citing *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 273 (6th Cir. 2007); *Nationwide Mutual Insurance Company v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1229 (D.N.M. 2015) (Browning, J.) (friction may exist with state courts where the same issues and parties are pending before the state court). Proceeding with this declaratory action would clearly increase friction between federal and state courts and encroach upon state jurisdiction.

Moreover, the parties seek to perform discovery, including deposing neighbors who may have witnessed the attack. Defendants have objected to Plaintiffs' mischaracterization of facts. To the extent there are any factual issues, it is preferable for the state court to decide them. *Runyon*, 53 F.3d at 1170 (federal court "should not entertain a declaratory judgment action over

which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding.") (citation omitted)

The final *Mhoon* factor is not determinative. Plaintiffs have not asserted that the state courts would prove less than complete relief than what is available in this declaratory action. The Court finds that the state courts would provide a forum which is at least as equivalent to what is offered in this federal proceeding. Defendants argue that the state courts would be more efficient, as a federal proceeding may require certification to the New Mexico Supreme Court on unsettled state law issues.[2] Defendants have not shown that it would be likely that certification would be necessary here, especially where there are a number of New Mexico appellate cases on point. This factor does not weigh in favor of either party.

Together, the *Mhoon* factors weigh toward staying this declaratory action.

D.  Stay, Rather than Dismissal, is Appropriate.

Defendants have requested that the Court stay this proceeding, and have not requested a dismissal. When a federal court declines to hear a declaratory action where there is a pending state court proceeding, a stay is often preferable to dismissal. *Wilton*, 515 U.S. at 288 n.2; *United States v. City of Las Cruces*, 289 F.3d 1170, 1192-93 (10th Cir. 2002). Therefore, the Court will stay proceedings in this case pending the outcome of the state court proceedings in *Peter B. Komis and Dorinda Hopper-Komis v. Farmers Insurance Company of Arizona*, First Judicial District, No. D-101-CV-2017-02777.

---

[2] Defendants argue that the issue of whether uninsured motorist provisions provide coverage here involves unsettled state law. Plaintiffs argue it is settled. New Mexico courts have repeatedly weighed in on the issue of whether an insurer is liable under an uninsured motorist coverage for the intentional torts of a passenger or driver of an uninsured vehicle. *See, e.g., Britt v. Phoenix Indemnity Insurance Co.*, 907 P.2d 994 (N.M. 1995). However, the Court need not reach a conclusion on this issue, because the Court has determined it should otherwise exercise its discretion not to hear this declaratory action.

**THEREFORE,**

**IT IS ORDERED** that the Defendants' Motion to Stay Proceedings **(Doc. 9)**, is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that counsel for the Defendants shall file a notice in this case when there is a resolution in the state court case.

**IT IS FINALLY ORDERED** that this case is **STAYED**.

_____
UNITED STATES DISTRICT JUDGE